UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

| | |
|---|---|
| DONTE DARRELL PARRISH, | |
| Petitioner, | Civil Action No. 7: 17-173-KKC |
| V. | **MEMORANDUM OPINION AND ORDER** |
| GREGORY KIZZIAH, Warden, | |
| Respondent. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Donte Darrell Parrish has filed petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] [R. 1] This matter is before the Court to conduct an initial screening of Parrish's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In October 2005 Parrish was indicted in Harrisburg, Pennsylvania for possessing a firearm during and in relation to trafficking in crack cocaine in violation of 18 U.S.C. § 924(c) and for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). In March 2006, Parrish signed a written agreement to plead guilty to the § 924(c) count in exchange for the dismissal of other charges. As part of the plea agreement, Parrish expressly waived his right to challenge his conviction or sentence by direct appeal or in any collateral proceeding.

The presentence investigation report concluded that Parrish was subject to the career offender enhancement found in U.S.S.G. § 4B.1.1(a), resulting in a guidelines range of 262-327 months imprisonment. The government subsequently moved for a sentencing reduction because Parrish provided substantial assistance to the government. Based upon this information, in January 2007 the

---

[1] Parrish has not paid the $5.00 filing fee required by 28 U.S.C. § 1914 or filed a motion to waive payment of it pursuant to 28 U.S.C. § 1915. Because the filing fee is incurred when the petition is filed, the Court will direct the Bureau of Prisons ("BOP") to deduct the five dollar filing fee from funds in his inmate account to satisfy that financial obligation.

1

trial court sentenced Parrish to 180 months imprisonment, well below the applicable guidelines range, and ordered its sentence to run concurrently with a state sentence Parrish was already serving. *United States v. Parrish*, No. 1: 05-CR-417 (M.D. Pa. 2005).

Parrish appealed, but the Third Circuit summarily affirmed. *United States v. Parrish*, 287 F. App'x 990 (3d Cir. 2008). Parrish also sought relief from the trial court pursuant to 28 U.S.C. § 2255, but the court denied the motion as untimely. Parrish has subsequently filed several additional motions for relief, including to reconsider or vacate prior denials as well as successive § 2255 motions. In June 2016, Parrish filed a § 2255 motion challenging the enhancement of his sentence in light of *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (June 26, 2015); that motion remains pending.

In his current petition, Parrish asserts – in two sentences – that the use of a prior conviction for reckless endangerment to enhance his sentence was unconstitutional. Parrish makes no argument whatsoever in support of this contention, and provides no reference to any particular case upon which he relies for relief. He separately contends without explanation that the Bureau of Prisons has failed to properly award all of the prior custody credits to which he is entitled. [R. 1 at 5]

As a preliminary matter, Parrish's conclusory assertions self-evidently fail to satisfy the minimum pleading requirements applicable to habeas corpus petitions. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) to habeas corpus petitions). The petition is dismissible on that ground alone. In addition, Parrish's claim regarding the BOP's calculation of his sentence is wholly unrelated – factually and legally – to his challenge to the enhancement of his sentence. The two claims may therefore not be properly asserted in the same petition, and the Court will consider only Parrish's challenge to the enhancement of his sentence in this proceeding.

With respect to that claim, in his plea agreement Parrish unequivocally waived his right to collaterally attack his conviction or sentence. Parrish is therefore barred from challenging his

2

conviction or sentence in this proceeding because the waiver provision in his plea agreement applies to collateral attacks asserted under § 2241. *Muse v. Daniels*, 815 F. 3d 265, 266 (7th Cir. 2016) (holding that a collateral attack waiver "would apply equally in a proceeding under § 2241, had not § 2255(e) taken precedence, for § 2241 is a form of collateral attack."); *Muller v. Sauers*, 523 F. App'x 110, 112 (3d Cir. 2013) ("Muller's plea agreement included a waiver of collateral-attack rights 'in any post-conviction proceeding, including-but not limited to-any proceeding under 28 U.S.C. § 2255.' Therefore, his plea agreement forecloses relief pursuant to § 2241 …"); *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) ("The conventional understanding of 'collateral attack' comprises challenges brought under, for example, 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as writs of coram nobis.").

Parrish is therefore barred from challenging his conviction or sentence in this proceeding, and his petition must be denied. *Johnson v. Warden*, 551 F. App'x 489, 491 (11th Cir. 2013); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001). See also *Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases); *Combs v. Hickey*, No. 11-12-JMH, 2011 WL 65598 (E.D. Ky. Jan. 7, 2011).

Finally, Parrish's assertion that the enhancement of his sentence was unconstitutional suggests that he wishes to assert a claim under *Johnson*. But Parrish's claim under *Johnson* remains pending before the trial court, rendering resort to § 2241 premature at best. Accord *Smith v. United States*, 89 F.3d 835 (6th Cir. 1996) (unpublished disposition) (noting that the "well established general rule is that, absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending.") (quoting *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993)); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *White v. Grondolsky*, No. 6: 06-309-DCR, 2006 WL 2385358, at *3 (E.D. Ky. Aug. 17, 2006).

3

In addition, because a constitutional claim under *Johnson* can be asserted by motion under § 2255, *Welch v. United States*, __ U.S. __ 136 S. Ct. 1257 (2016), that remedy is not inadequate and ineffective to assert it, and resort to § 2241 is impermissible. *Woodson v. Meeks*, No. 0:15-4209-BHH, 2016 WL 8669184, at *1 (D.S.C. Oct. 14, 2016); *Lewis v. Butler*, No. 16-135-DLB, 2016 WL 4942005, at *2-3 (E.D. Ky. Sept. 14, 2016).

Accordingly, it is **ORDERED** as follows:

1. The Clerk of the Court shall send a copy of this Order to the warden of the institution in which Parrish is currently confined.

2. Parrish's custodian shall send the Clerk of the Court payment of the $5.00 filing fee from funds in his inmate trust fund account once the amount in the account exceeds $10.00.

3. Parrish's petition for a writ of habeas corpus [R. 1] is **DENIED**.

4. The Court will enter a judgment contemporaneously with this order.

5. This matter is **DISMISSED** and **STRICKEN** from the docket.

Entered January 4, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY